NO. 07-01-0365-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 31, 2002

_____

JERRY POOL,

Appellant

v.

KIRKLAND CONSTRUCTION CO. and
KIRKLAND CONSTRUCTION, R.L.L.P.,

Appellees

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 84-613-B; HON. JOHN B. BOARD, PRESIDING

_____

Before BOYD, C.J., QUINN and REAVIS, J.J.

Jerry Pool (Pool) appeals from a final summary judgment. Via his sole point of error, he contends that the trial court erred in granting same in favor of Kirkland Construction Company and Kirkland Construction, R.L.L.P. (collectively referred to as Kirkland). This is allegedly so because Kirkland "failed to uphold his burden of showing that [Pool] was not terminated for his job because he filed a worker's compensation claim." We affirm the summary judgment.

### Standard of Review

The standards of review applicable to traditional and no evidence motions for summary judgment are well-settled. Rather, than discuss them at length now, we simply cite the parties to *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985) and *Kimber v. Sideris*, 8 S.W.3d 672, 675 (Tex. App.--Amarillo 1999, no pet.) for a general explanation of same.

Next, the movant requesting judgment is free to assert as many grounds as he chooses. Should he raise several and the court fail to state upon which it relied in granting relief, an additional obstacle confronts the non-movant. It falls upon the latter, on appeal, to address each ground asserted and establish why it was insufficient to support judgment. *Miller v. Galveston / Houston Diocese*, 911 S.W.2d 897, 899 (Tex. App.–Amarillo 1995, no writ); *Lee v. Levi Strauss & Co.*, 897 S.W.2d 501, 504 (Tex. App.--El Paso 1995, no writ). Failing to do this entitles the reviewing court to affirm on any unaddressed ground. *Miller v. Galveston / Houston Diocese*, 911 S.W.2d at 899.

### Application of Standard

At bar, Kirkland alleged a myriad of grounds for summary judgment. Two invoked the "no evidence" provision of Rule 166a(i) of the Texas Rules of Civil Procedure. Through them, Kirkland averred that there existed no evidence that 1) Pool was wrongfully terminated, 2) Kirkland unlawfully discriminated against Pool "in connection with [Pool's] employment," 3) Kirkland "'attempted to prevent [Pool] from receiving medical treatment . . .,'" as alleged by Pool, 4) Kirkland "wrongfully discriminated against [Pool] by refusing to assist [Pool] in filling out certain disability insurance papers," as asserted by Pool, and

5) Pool "sustained any damages for loss of wages and benefits, inconvenience, or mental anguish as [Pool] claimed . . . ." So too did the movant contend that "as a matter of law . . . [Pool] . . . sustained no compensable damages caused or contributed to by the alleged conduct of" Kirkland. And, in support of this ground, Kirkland cited to summary judgment evidence attached to its motion.

On appeal, however, none of the foregoing grounds were addressed or rebutted in any way by Pool. He did not argue that he had presented some evidence sufficient to rebut the allegations of Kirkland and establish his cause of action. *See Kimber v. Sideris*, 8 S.W.3d at 675 (stating that it is the non-movant's burden to present some evidence establishing a question of material fact to defeat a no-evidence motion for summary judgment). Nor did he assert that the allegations of Kirkland did not warrant summary judgment irrespective of whether he presented some evidence. Instead, he merely argued that his opponents failed to prove that he was not terminated for pursuing a worker's compensation claim, *i.e.*, that Kirkland discharged him for a legitimate, non-discriminatory reason. More importantly, this is fatal to his appeal because the trial judge did not specify in its summary judgment the grounds upon which it acted. Thus, Pool had the burden on appeal to illustrate why none of the grounds encompassed in Kirkland's motion warranted summary judgment, and because he did not, we must affirm on the grounds which went unaddressed. *Miller v. Galveston / Houston Diocese*, *supra*.

Accordingly, we affirm the summary judgment.

Brian Quinn
Justice

Do Not Publish.

3